UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL SPIVEY,

    Petitioner,

v.                                                        Case No. 3:15-cv-23-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## ORDER

### I. Status

Petitioner Michael Spivey, an inmate of the Florida penal system, initiated this action on January 8, 2015,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Spivey is proceeding on an amended petition (Amended Petition; Doc. 13). In the Amended Petition, Spivey challenges a 2009 state court (Duval County, Florida) judgment of conviction for first-degree murder. Spivey raises four grounds for relief. See Doc. 13 at 4-13.[2] Respondents have submitted a motion to dismiss the Amended Petition. See Motion to Dismiss (Resp.; Doc. 23) with exhibits (Resp. Ex.). Spivey elected not to file a brief in reply. Doc. 26. This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that this action is untimely. Doc. 23 at 3-6. The following procedural history is relevant to the one-year limitations issue. On July 24, 2008, a grand jury indicted Spivey on one count of first-degree murder. Resp. Ex. A at 19-21. Spivey

proceeded to a jury trial, at the conclusion of which the jury found Spivey guilty as charged, with a specific finding that Spivey discharged a firearm causing death or great bodily harm. Id. at 85-86. On June 26, 2009, the circuit court sentenced Spivey to a term of incarceration of life in prison, with a minimum mandatory term of life. Resp. Ex. B at 202-07.

Florida's First District Court of Appeal (First DCA) per curiam affirmed the judgment and sentence on September 7, 2010 with a written opinion detailing why the circuit court correctly denied Spivey's motion to suppress his statements to police. Resp. Ex. I. Spivey filed a motion for rehearing, which the First DCA denied on September 28, 2010. Resp. Ex. J. The First DCA issued its Mandate on October 14, 2010. Resp. Ex. K. Notably, because the First DCA issued a written opinion expressly addressing a question of law, in this instance whether police violated Spivey's Sixth Amendment right to counsel during the interrogation, the Florida Supreme Court had subject matter jurisdiction to review the case. See Florida Star v. B.J.F., 530 So. 2d 286 (Fla. 1988) (holding that the Florida Supreme Court has subject-matter jurisdiction to review any decision of a district court of appeal that expressly addresses a question of law within the four corners of the opinion, even if the Florida Supreme Court ultimately denies a petition for discretionary review). Accordingly, Spivey's judgment became final on October 28, 2010, thirty days after the First DCA denied his motion for rehearing on direct appeal, see Florida Rule of Appellate Procedure 9.020(i) ("If any timely and authorized motion under rule 9.330 [motions for rehearing] or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the filing of a written order."), because he did not seek review in the Florida Supreme Court. See Gonzalez v. Thaler,

565 U.S. 134, 150 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court); Lingeback v. Jones, No. 3:15-cv-1381-J-39PDB, 2017 WL 6406807, *7 (M.D. Fla. December 15, 2017) (finding that because the First DCA issued a written opinion and Lingeback did not seek review in the Florida Supreme Court, Thaler controlled). Therefore, Spivey had until October 28, 2011 to file a timely federal habeas petition. He initiated this action on January 8, 2015. As such, this action is due to be dismissed as untimely unless Spivey can avail himself of the statutory provisions which extend or toll the limitations period.

Spivey filed his earliest postconviction motion that would have tolled the statute of limitations on December 17, 2011, almost two months after the one-year limitations period expired. Resp. Ex. L at 1-10. See 28 U.S.C. § 2244(d)(1). Spivey has not alleged any cause or prejudice to excuse the untimeliness of this action. Doc. 13. Likewise, Spivey has not alleged any facts demonstrating he is actually innocent. Id. Accordingly, Spivey has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Spivey seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Spivey "must demonstrate that reasonable jurists would find the district court's assessment of

4

the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. 23) is **GRANTED**, the Amended Petition (Doc. 13) is **DISMISSED AS UNTIMELY**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Spivey appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to

proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of January, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Michael Spivey, #J39284
Jennifer Moore, Esq.